MARI K. SCHAAN, ESQ.
Nevada Bar No. 11268
HALL PRANGLE LLC
1140 North Town Center Drive, Ste. 350
Las Vegas, Nevada 89144
efile@hallprangle.com
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIM ELIZABETH HARWELL | CASE NO.: 2:25-cv-00689 |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS** |
| WESTCARE NEVADA, INC., IRMA MAGRDICHIAN, DIRECTOR OF RESIDENTIAL SERVICES, LEO MAGRDICHIAN, REGIONAL VICE PRESIDENT, AND RHONDA DAVISSON, MELINDA MINOR, AND ANY OTHER JOHN OR JANE DOES THAT MAY BE RESPONSIBLE FOR THE ACTS OF RIGHTS VIOLATIONS ALLEGED AND CONTAINED HEREIN. | **HEARING REQUESTED** |
| Defendants. | |

Pursuant to FRCP 12(b)(6), the undersigned counsel of record for Defendants, WestCare Nevada Inc., Irma Magrdichian, Director of Residential Services, Leo Magrdichian, Regional Vice President, and Rhonda Davisson, Melinda Minor, by and through their attorneys of record of HALL PRANGLE, LLC, move for dismissal of this action for failure to state a claim, as set forth more fully below. In the alternative, Defendant requests a more definite statement pursuant to FRCP 12(e), requiring Plaintiff to state the particular provision of any Act allegedly violated, along with sufficient factual allegations for Defendants to ascertain the basis of said allegation.

**I.**

**SUMMARY OF ISSUES PRESENTED**

Plaintiff Kim Elizabeth Harwell ("Plaintiff") brings this action against WestCare Nevada, Inc. ("Westcare") and several individuals. WestCare is a nonprofit behavioral health organization

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400     FACSIMILE: 702-384-6025

offering continued care for individuals and families facing substance use disorders, mental health challenges, and co-occurring conditions. Services encompass residential treatment, outpatient programs, partial hospitalization, detoxification, transitional housing, and specialized support for veterans, justice-involved individuals, pregnant and parenting women, and those experiencing homelessness.

Plaintiff alleges during her stay at WestCare from July 2024 to December 2024, she experienced problems with another resident, Bonnie Manuel ("Bonnie"). Plaintiff has not alleged any claims against Bonnie in this action. Plaintiff asserts during different times that Bonnie would use profanity, was loud, changed the temperature controls in their shared room, and called Plaintiff names. Essentially, Bonnie was apparently a terrible roommate and bothered Plaintiff and caused her to worry about some future assault that never occurred. Specifically, no actual physical interaction, assault, or other criminal or negligent act is alleged to have occurred between Plaintiff and Bonnie.

While it is unclear how many reports or what was reported exactly, Plaintiff claims she reported incidents regarding Bonnie's unpleasant demeanor and unsanitary behaviors to staff members Rhonda Davisson, Melinda Minor, and non-party "Katrina," who allegedly did not take these complaints seriously enough. Plaintiff alleges these incidents left her feeling humiliated and unsafe and exacerbated her PTSD and anxiety, resulting in hallucinations, panic attacks, and a psychiatric admission to the VA hospital on December 9, 2024. There is no indication of a specific incident on December 9th that caused this admission, only a description of an interaction on December 3, 2024, that resulted in separation of the two individuals.

While the Complaint is unclear, Plaintiff appears to contend that WestCare failed to react sufficiently to Plaintiff's complaints, resulting in a subjectively unsafe space. As a result, she appears to assert claims for negligence, as well as vaguely reference violations under HIPAA, the Americans with Disabilities Act, the Rehabilitation Act without citing to actual provisions of those acts, and pursuant to NRS 651.080, a criminal statute. The complaint fails to identify which defendants purported violated said acts, nor does it identify the basis of any specific duty that was violated.

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Because the causes of action are essentially just a recitation of elements and fail to factually identify the basis for the claims, Defendants assert the Complaint fails to state a claim upon which relief can be granted. The Complaint does not satisfy the federal pleading standards of Federal Rule of Civil Procedure 8(a), nor does it allege sufficient factual matter to survive a Rule 12(b)(6) motion. It also improperly names individual employees without alleging facts to support their personal liability. As such, the Complaint should be dismissed in its entirety.

## II.

### <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

Under Civil Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim for which relief may be granted." A complaint must allege sufficient factual matter to 'state a claim to relief that is plausible on its face.' <u>Curb Mobility, LLC v. Kaptyn, Inc.</u>, 434 F. Supp. 3d 854, 858 (D. Nev. 2020) <u>quoting</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). In considering a motion under Civil Rule 12(b)(6), the court accepts as true only factual allegations made by, and draws all reasonable inferences in favor of, the nonmoving party. <u>Heimrich v. Dep't of the Army</u>, 947 F.3d 574, 577 (9th Cir. 2020) (external citation omitted); <u>see also</u> <u>In re QDOS, Inc.</u>, 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019), <u>appeal dismissed,</u> 830 Fed. Appx. 248 (9th Cir. 2020). But this does not extend to bare legal conclusions. <u>Aschcroft</u> at 678, 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[cleaned up]) Dismissal is appropriate if there is "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Taylor v. Bosco Credit LLC</u>, 2020 WL 7663436, at *1 (9th Cir. Dec. 24, 2020) (external citation omitted) (internal quotations omitted). "Although pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, pro se status does not entitle such litigants to special treatment." <u>Marrocco v. Johnston</u>, No. 218CV02441JADEJY, 2019 WL 10733034, at *2 (D. Nev. Nov. 18, 2019)[cleaned up]

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). <u>Hearns v. San Bernardino Police</u>

**HALL PRANGLE LLC**
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400  FACSIMILE: 702-384-6025

Dept., 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

Finally, where amendment is futile, dismissal without leave to amend may be appropriate. See Ramachandran v. Best Best & Krieger, 2021 WL 428654, at *4 (N.D. Cal. Feb. 8, 2021). Amendment is futile when it is clear that amendment would not remedy the complaint's fatal deficiencies. Id.

### III.

### ARGUMENT

**A. Plaintiff failed to make any allegations against the Vice President and Director of WestCare, therefore dismissal is proper**

Plaintiff's complaint names Irma Magrdichian, Director Of Residential Services, Leo Magrdichian, Regional Vice President as Defendants, but fails to offer a single factual allegation as to why these executives would have any personal liability for the incidents identified in the Complaint. Their status as executives of WestCare fails to create this personal liability, and therefore dismissal is appropriate pursuant to FRCP 12(b)(6).

**B. Plaintiff's Allegations Are Conclusory and Insufficient Under Civil Rules 8 and Rule 12(b)(6)**

**1. Plaintiff's claim for Negligence/Standard of Care fails to identify a duty, breach, or cognizable injury**

Plaintiff's first claim is for negligence, in which she cites NRS 41.130 and NRS 41.141 in support thereof. Count II likewise asserts a "Lack of Standard of Care" which fails to identify the standard of care referenced, but is presumably just another negligence claim, and is therefore redundant. See e.g., Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc., 321 P.3d 912, 916 (2014) ("Although Alcantara's complaint attempted to plead nondelegable duty as a separate cause of action, it is not an independent cause of action, but instead one way to establish the duty requirement for proving negligence."). Plaintiff fails to state which of the named Defendants these claims are alleged against. Moreover, the allegations are simply a recitation of elements

and statutes, with no facts to support or clarify the claims. In fact, NRS 41.141 is cited as a basis (*Cplt 5:6-7*), but that is the comparative negligence statute, so it appears that Plaintiff is judicially admitting she was comparatively negligent.[1]

Regardless of what Plaintiff is attempting to plead, she has missed the mark on each element. Plaintiff does not describe with enough detail to guide discovery or provide Defendants fair notice of her claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (external citations omitted) ("[. . .] the pleading standard Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff states that an unidentified "Defendant" owed her an unidentified duty, that such duty was breached (without explanation), and such breach caused her injuries, resulting in physical and mental injuries. These are threadbare recitations of NRS 41.130, which cannot survive a motion to dismiss. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Beyond the complete failure to factually support the duty and breach elements, the Complaint fails to identify any cognizable injury resulting from that breach, beyond Plaintiff not feeling "heard" or "safe." But Plaintiff's subjective feelings do not constitute a cognizable breach or injury claim sufficient to support a negligence cause of action. Maduike v. Agency Rent-A-Car, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998) (Noting the jury instruction that "persons must necessarily be expected and required to be hardened ... to occasional acts that are definitely inconsiderate and unkind.")

As a result, Plaintiff's first and second claims for negligence and Lack of Standard of Care must be dismissed because for failure to meet the basic pleading requirements of Civil Rule 8 and does not state a claim upon which relief can be granted under Civil Rule 12(b)(6).

### 2.  Plaintiff fails to state a claim for indirect discrimination ("Count III")

Similar to Plaintiff's other claims, this claim does not state which defendant or defendants it applies to, failing to provide Defendants with fair notice. See Kokozian v. City of

---

[1] See Nev. Rev. Stat. §41.141 ("In any action to recover damages for death or injury to persons or for injury to property in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff or the plaintiff's decedent does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the parties to the action b.against whom recovery is sought.")

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

Lake Elsinore, 2024 WL 1201665, at *2 (C.D. Cal. Feb. 26, 2024) (dismissing a claim finding Plaintiff "does not describe with enough detail to guide discovery or give Defendant fair notice of his claim the instances of entries by "random city actors and agents," such as when these entries occurred, names or descriptions of those individuals, and what happened during those occasions [. . .]")  Moreover, it is unclear what type of discrimination is being asserted. There is no employee/employer relationship alleged, no constitutional or other basis alleged, and no identification of Plaintiff's protected class or any adverse action taken as a result of being within that protected class. Not only does the Complaint fail to allege what exact discrimination occurred, but it also repeats the elements for ordinary negligence rather than for discrimination. For these reasons, Plaintiff's claim for indirect discrimination must be dismissed.

### 3.  Plaintiff fails to state a claim for Retaliation ("Count IV")

Plaintiff's claim for retaliation must be dismissed because it fails to meet the basic pleading requirements of Civil Rule 8 and does not state a claim upon which relief can be granted under Civil Rule 12(b)(6). This claim also does not state which defendant or defendants it applies to, failing to provide Defendants with fair notice in violation of Civil Rule 8. Furthermore, the four authorities Plaintiff cites in her retaliation claim, the ADA, NRS 651.080, HIPAA, 42 CFR part 2 do not provide Plaintiff with a claim for relief as alleged.

Factually, Plaintiff asserts that the "retaliation" consisted of various acts by the Defendants for a report made to the Department of Health and Human Services on December 20, 2024 (the "protected activity"). *Cplt 6:10-14.* However, she alleges that she left the facility on December 14th, rendering it impossible for the December 20th report to have been the catalyst for the alleged retaliatory actions. See, personal statement p. 8. In fact, the personal statement identifies the toilet cleaning incident as occurring on November 21, 2024 (Personal statement, p. 4), and the "journaling" of medication as occurring on December 14, 2024. (Personal statement, p. 8), The "facts" as alleged demonstrate that these acts could not have been retaliatory for a report filed after the fact.

///

///

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

### a. Plaintiff has no claim under the ADA

Plaintiff cites with her retaliation claim the Americans with Disabilities Act ("ADA"), without referencing any specific Title. The ADA was enacted to prevent discrimination against individuals with disabilities, and its statutory framework prohibits public entities from discriminating against any "qualified individual with a disability." See 42 U.S.C. § 12132. To establish a claim, in order to state a claim of disability discrimination under Title II, Plaintiff "must allege four elements: (1) [s]he "is an individual with a disability;" (2) [s]he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) [s]he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [her] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) A plaintiff must at minimum allege that they are a qualified individual under the ADA, and that the defendant is subject to its requirements. The Complaint does not allege Plaintiff is a qualified individual with a disability under 42 U.S.C. § 12102, nor does it explain why any named defendant would be considered a public entity or be subject to the ADA.[2] Moreover, for a retaliation claim Plaintiff must establish (1) a protected activity; (2) an adverse action; and (3) there was a causal link between the two. See, Campos v. Town of Pahrump, 274 F. Supp. 3d 1106, 1115–16 (D. Nev. 2017) (discussing retaliation in an employment setting). As set forth above, Plaintiff's alleged retaliatory acts took place *before* the protected activity, and therefore cannot support this claim. Finally, Title III of the ADA does not provide for compensatory damages, and Plaintiff makes no request for injunctive or other "preventive relief."[3] Campos v. Town of Pahrump, 274 F. Supp. 3d 1106, 1116 (D. Nev. 2017) ("ADA retaliation claims are

---

[2] Plaintiff also references the "Disability Act of 2010" in her prayer for relief. It appears to be a mistaken reference to amendments made to the ADA and not a separate enforceable statute under which she has a claim. See Holloway v. Garland, 2025 WL 14137, at *1 (D.D.C. 2025) (citing the ADA and Disability Act of 2010 as one in the same.). As such, her allegations are insufficient to support any cognizable claim under the ADA.

[3] See, §36.501 Private suits "(a) *General*. Any person who is being subjected to discrimination on the basis of disability in violation of the Act or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the Act or subpart D of this part may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order."

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

redressable only by equitable relief, no jury trial is available. We hold that punitive and compensatory damages are not available for ADA retaliation claims.")[cleaned up].

As a result, this allegation fails to state a claim upon which relief may be granted, and dismissal is proper.

### b.    Plaintiff fails to state a claim for relief under NRS 651.080

Plaintiff's retaliation claim also cites NRS 651.080. This statute is criminal in nature and does not provide for a private right of action. It establishes misdemeanor liability for interfering with rights related to public accommodations, as outlined in NRS 651.070, 651.072, and 651.075. See, Durante v. City of Reno, No. 3:05-CV-0193-ECR-RAM, 2006 WL 240797, at *6 (D. Nev. Jan. 24, 2006) (holding "Nev.Rev.Stat. section 651.080, the only section that references threats, intimidation, punishment, etc., provides for criminal penalties and not civil remedies.")

### c.    Plaintiff fails to state a claim for relief under HIPAA and 42 C.F.R. Part 2

The final basis for the retaliation claim is pursuant to HIPAA and 42 C.F.R. Part 2. HIPAA, codified at 42 U.S.C. § 1320d-1 et seq., regulates the use and disclosure of protected health information by covered entities such as healthcare providers. A violation occurs when a covered entity knowingly discloses identifiable health information without proper authorization. Plaintiff does not allege that any defendant herein qualifies as a covered entity under HIPAA, nor does she allege that any specific health information was unlawfully disclosed. At best, she claims either that false information regarding her medical records was provided (i.e., information that was not contained in her protected records) or that she was asked to share HIPAA privileged information pursuant to the request to journal her medication compliance. Neither constitute disclosure of protected health information.

Further, if Plaintiff had sufficiently alleged a HIPAA violation, her recourse under HIPAA is to contact the health care provider's privacy officer and file a complaint. See Robeck v. Lunas Const. Clean-Up, Inc., 373 P.3d 956 (Nev. 2011) citing 45 C.F.R. § 150.303(b) (2010). There simply is no provision in HIPAA for a private cause of action. See, Harris v. Garber, No. 2:24-CV-01141-JAD-EJY, 2024 WL 3202435, at *2 (D. Nev. June 27, 2024) ("As HIPAA does

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

1    not provide a private right of action, the Court concludes Plaintiff's allegations fail [to] state a

2    claim upon which relief can be granted.")

3      With respect to 42 C.F.R. Part 2, which governs the confidentiality of substance use

4    disorder records, Plaintiff fails to allege that any defendant obtained, used, or disclosed such

5    records, or that they were subject to the confidentiality requirements of this regulation. "42

6    C.F.R. Part 2 is authorized under 42 U.S.C. §§ 290dd–2, formerly codified at 290ee–3, and deals

7    with confidentiality of records regarding drug and alcohol abuse by individuals that are

8    maintained in connection with prevention and treatment conducted, regulated or assisted, directly

9    or indirectly by any department or agency of the United States." Delano v. Rendle, No. 9:13-CV-

10   0070 NAM/TWD, 2015 WL 1506079, at *4 (N.D.N.Y. Mar. 31, 2015). But "there is no private

11   right of action under 42 U.S.C. §§ 290dd–2" ID. (collecting circuit court cases.) As a result, this

12   regulation fails to substantiate Plaintiff's retaliation claim.

13     **4.  Plaintiff fails to state a claim for relief pursuant to the Rehabilitation Act**

14     Plaintiff cites to the Rehabilitation Act in her prayer for relief, seeking $1,000,000, with

15   no further clarification of the basis for such a claim, nor does it identify the defendant that

16   allegedly violated that Act. The Rehabilitation Act is a federal law designed to protect

17   individuals with disabilities from discrimination. See Flynn v. Distinctive Home Care, Inc., 812

18   F.3d 422, 425 (5th Cir. 2016). The Rehabilitation Act incorporates ADA standards. See Cong. v.

19   Dist. of Columbia, 514 F. Supp. 3d 1, 16 (D.D.C. 2020).

20     Besides not defining the elements and alleged facts of a violation of the Rehabilitation

21   Act, Plaintiff has failed to show that the Rehabilitation Act properly applies here. According to

22   the ADA, the Rehabilitation Act "[P]rohibits discrimination on the basis of disability in

23   programs conducted by Federal agencies, in programs receiving Federal financial assistance, in

24   Federal employment, and in the employment practices of Federal contractors. The standards for

25   determining employment discrimination under the Rehabilitation Act are the same as those used

26   in title I of the Americans with Disabilities Act." See U.S. Dep't of Justice, Guide to Disability

27   Rights Laws, ADA.gov, https://www.ada.gov/resources/disability-rights-guide/ (last visited Apr.

28   23, 2025). Essentially, the Rehabilitation Act is usually brought in federal employee-employer

cases involving discrimination toward an individual with a disability, and then possibly retaliation as well. See generally Cong. v. Gruenberg, 643 F. Supp. 3d 203 (D.D.C. 2022). There is no element of a breach of contract, nor has Plaintiff met the burden to show any defendant here falls within the scope of the Rehabilitation Act, or that she herself falls under the Rehabilitation Act as a protected individual.

**C. To the extent that specific claims are alleged under any of the pertinent statutes, Plaintiff may have failed to exhaust her administrative remedies.**

Due to Plaintiff's failure to adequately cite to any specific Title or provision of the various Acts related to discrimination, it is unclear whether there was an obligation to exhaust administrative remedies, such as the ADA, the Rehabilitation Act, or certain NRS provisions which constitute Nevada's version of the ADA. As a result, if any of the Acts or statutes discussed are found to be sufficiently plead in this instance, Defendant reserves the right to move for dismissal on the basis that there was a failure to exhaust remedies.

**D. At a minimum, Defendant requests that this Court order a more definite pleading**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This is such a case, as demonstrated by the vague allegations and failure to actually identify the basis for Plaintiff's claims. While Defendants believe that these failures mandate dismissal, if the Court is not inclined to dismiss based on Plaintiff's pre se status, Defendant requests a more definite statement, setting forth the particular Act or statute alleged to provide the basis for each claim, accompanied by factual assertions identifying the "who, what, and where" for each cause of action.

///

///

///

///

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

**IV.**

**CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the instant complaint be dismissed. In the alternative, Defendant requests an Order for a more definite statement.

HALL PRANGLE LLC

By:  */s/ Mari K. Schaan, Esq.*

MARI K. SCHAAN, ESQ.
Nevada Bar No. 11268
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144
*Attorney for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am an employee of HALL PRANGLE LLC, and that on the 24th day of April, 2025, I served a true and correct copy of the foregoing **<u>MOTION TO DISMISS</u>** via:

  **X**   Court's CM/ECF system to the following;

  X   U.S. Mail, first class postage pre-paid to the following parties at their last known address;

_____ Receipt of Copy at their last known address:

Kim Elizabeth Harwell
3561 Arville St. Unit 802C
Las Vegas, Nevada, 89103
(702) 447-9104
Kimeharwell@icloud.com
*Pro Se Plaintiff*

*/s/ Emily Macaluso*_____
An employee of HALL PRANGLE LLC

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE
SUITE 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025